# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

CHAD G. MARZEN,

    Plaintiff,

v.                                             CASE NO.: 4:20-cv-00220-WS-MAF

JOHN THRASHER, in his official
Capacity as the President of
Florida State University,
FLORIDA STATE UNIVERSITY
BOARD OF TRUSTEES,

    Defendant.

_____/

## UNIVERSITY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

COME NOW the Defendants, JOHN THRASHER, in his official capacity as President of Florida State University (hereinafter "President Thrasher"), and FLORIDA STATE UNIVERSITY BOARD OF TRUSTEES, (hereinafter the "University"), by and through their undersigned counsel and do, hereby file their Answer and Affirmative Defenses to the Amended Complaint of the Plaintiff as follows:

Chad Marzen v. Board of Trustees, Florida State University
USDC Northern District Florida
Case No.: 4:20-cv-00220-WS-MAF
Defendants' Answer and Affirmative Defenses

Page **2** of **20**

# NATURE OF THE ACTION

1. Defendants deny the allegations in paragraph 1 of the Amended Complaint and demand strict proof thereof.

2. Defendants deny the allegations in paragraph 2 of the Amended Complaint and demand strict proof thereof.

# THE PARTIES

3. Defendants admit that Plaintiff is employed by the University but deny the balance of the allegations in paragraph 3 of the Amended Complaint and demand strict proof thereof.

4. Defendants admit that, Florida State University Board of Trustees, has been organized and existing under the laws of the State of Florida, and has been an "employer" as that term is used under the applicable laws set forth above.

5. Defendants admit that President Thrasher admits that he is the President of Florida State University and that he is sued in his official capacity, but deny the balance of the allegations of paragraph 5 of the Amended Complaint and demand strict proof thereof.

# CONDITIONS PRECEDENT

6. Defendants deny the allegations in paragraph 6 of the Amended Complaint and demand strict proof thereof.

Chad Marzen v. Board of Trustees, Florida State University
USDC Northern District Florida
Case No.: 4:20-cv-00220-WS-MAF
Defendants' Answer and Affirmative Defenses

Page **3** of **20**

## **STATEMENT OF THE ULTIMATE FACTS**

7. Defendants admit that the plaintiff was hired in 2011 and that he is currently an associate professor. Defendants deny the balance of the allegations in paragraph 7 of Plaintiff's Amended Complaint and demand strict proof thereof.

8. Defendants deny the allegations in paragraph 8 of the Amended Complaint and demand strict proof thereof.

9. Defendants deny the allegations in paragraph 9 of the Amended Complaint and demand strict proof thereof.

10. Defendants admit as to Defendant's policy but deny the balance of the allegations in paragraph 10 of the Amended Complaint and demand strict proof thereof.

11. Defendants deny the allegations in paragraph 11 of the Amended Complaint and demand strict proof thereof.

12. Defendants deny the allegations in paragraph 12 of the Amended Complaint and demand strict proof thereof.

13. Defendants deny the allegations in paragraph 13 of the Amended Complaint and demand strict proof thereof.

14. Defendants deny the allegations in paragraph 14 of the Amended Complaint and demand strict proof thereof.

Chad Marzen v. Board of Trustees, Florida State University
USDC Northern District Florida
Case No.: 4:20-cv-00220-WS-MAF
Defendants' Answer and Affirmative Defenses

Page **4** of **20**

15. Defendants admit that Plaintiff has received positive evaluations and published academic articles in different academic journals, and previously received an award for his work, but deny the balance of the allegations in paragraph 15 of the Amended Complaint and demand strict proof thereof.

15a. To the extent that unnumbered boldfaced headings assert facts, conclusions or claims against these defendants, the statements made therein are denied and the defendants demand strict proof thereof.

16. Defendants deny the allegations in paragraph 16 of the Amended Complaint and demand strict proof thereof.

17. Defendants deny the allegations in paragraph 17 of the Amended Complaint and demand strict proof thereof.

18. Defendants deny the allegations in paragraph 18 of the Amended Complaint and demand strict proof thereof.

19. Defendants deny the allegations in paragraph 19 of the Amended Complaint and demand strict proof thereof.

20. Defendants deny the allegations in paragraph 20 of the Amended Complaint and demand strict proof thereof.

21. Defendants deny the allegations in paragraph 21 of the Amended Complaint and demand strict proof thereof.

Case 4:20-cv-00220-WS-MAF     Document 5     Filed 05/15/20     Page 5 of 20

Chad Marzen v. Board of Trustees, Florida State University
USDC Northern District Florida
Case No.: 4:20-cv-00220-WS-MAF
Defendants' Answer and Affirmative Defenses

Page **5** of **20**

22. Defendants deny the allegations in paragraph 22 of the Amended Complaint and demand strict proof thereof.

23. Defendants deny the allegations in paragraph 23 of the Amended Complaint and demand strict proof thereof.

24. Defendants deny the allegations in paragraph 24 of the Amended Complaint and demand strict proof thereof.

25. Defendants deny the allegations in paragraph 25 of the Amended Complaint and demand strict proof thereof.

26. Defendants admit that the plaintiff applied for promotion and tenure and deny the balance of the allegations in paragraph 26 of the Amended Complaint and demand strict proof thereof.

27. Defendants deny the allegations in paragraph 27 of the Amended Complaint and demand strict proof thereof.

28. Defendants deny the allegations in paragraph 28 of the Amended Complaint and demand strict proof thereof.

29. Defendants deny the allegations in paragraph 29 of the Amended Complaint and demand strict proof thereof.

30. Defendants deny the allegations in paragraph 30 of the Amended Complaint and demand strict proof thereof.

Case 4:20-cv-00220-WS-MAF   Document 5   Filed 05/15/20   Page 6 of 20

Chad Marzen v. Board of Trustees, Florida State University
USDC Northern District Florida
Case No.: 4:20-cv-00220-WS-MAF
Defendants' Answer and Affirmative Defenses

Page **6** of **20**

31. Defendants admit that the plaintiff has filed at least one grievance but deny the balance of the allegations in paragraph 31 of the Amended Complaint and demand strict proof thereof.

32. Defendants deny the allegations in paragraph 32 of the Amended Complaint and demand strict proof thereof.

33. Defendants deny the allegations in paragraph 33 of the Amended Complaint and demand strict proof thereof.

34. Defendants deny the allegations in paragraph 34 of the Amended Complaint and demand strict proof thereof.

35. Defendants deny the allegations in paragraph 35 of the Amended Complaint and demand strict proof thereof.

36. Defendants deny the allegations in paragraph 36 of the Amended Complaint and demand strict proof thereof.

37. Defendants deny the allegations in paragraph 37 of the Amended Complaint and demand strict proof thereof.

38. Defendants deny the allegations in paragraph 38 of the Amended Complaint and demand strict proof thereof.

Case 4:20-cv-00220-WS-MAF   Document 5   Filed 05/15/20   Page 7 of 20

Chad Marzen v. Board of Trustees, Florida State University
USDC Northern District Florida
Case No.: 4:20-cv-00220-WS-MAF
Defendants' Answer and Affirmative Defenses

Page **7** of **20**

39. Defendants admit that the plaintiff has filed grievances but deny the balance of the allegations in paragraph 39 of the Amended Complaint and demand strict proof thereof.

40. Defendants deny the allegations in paragraph 40 of the Amended Complaint and demand strict proof thereof.

41. Defendants deny the allegations in paragraph 41 of the Amended Complaint and demand strict proof thereof.

42. Defendants deny the allegations in paragraph 42 of the Amended Complaint and demand strict proof thereof.

42a. To the extent that unnumbered boldfaced headings assert facts, conclusions or claims against these defendants, the statements made therein are denied and the defendants demand strict proof thereof.

43. Defendants deny the allegations in paragraph 43 of the Amended Complaint and demand strict proof thereof.

44. Defendants deny the allegations in paragraph 44 of the Amended Complaint and demand strict proof thereof.

45. Defendants deny the allegations in paragraph 45 of the Amended Complaint and demand strict proof thereof.

Case 4:20-cv-00220-WS-MAF   Document 5   Filed 05/15/20   Page 8 of 20

Chad Marzen v. Board of Trustees, Florida State University
USDC Northern District Florida
Case No.: 4:20-cv-00220-WS-MAF
Defendants' Answer and Affirmative Defenses

Page **8** of **20**

46. Defendants deny the allegations in paragraph 46 of the Amended Complaint and demand strict proof thereof.

47. Defendants deny the allegations in paragraph 47 of the Amended Complaint and demand strict proof thereof.

48. Defendants deny the allegations in paragraph 48 of the Amended Complaint and demand strict proof thereof.

49. Defendants deny the allegations in paragraph 49 of the Amended Complaint and demand strict proof thereof.

49a. To the extent that unnumbered boldfaced headings assert facts, conclusions or claims against these defendants, the statements made therein are denied and the defendants demand strict proof thereof.

50. Defendants admit that Plaintiff filed a Whistleblower complaint with the Florida Commission on Human Relations (FCHR # 201700936) and that Plaintiff also filed a Complaint with the EEOC (EEOC # 511-2017-01514) for discrimination on the basis of national origin.

50a. To the extent that unnumbered boldfaced headings assert facts, conclusions or claims against these defendants, the statements made therein are denied and the defendants demand strict proof thereof.

Chad Marzen v. Board of Trustees, Florida State University
USDC Northern District Florida
Case No.: 4:20-cv-00220-WS-MAF
Defendants' Answer and Affirmative Defenses

Page **9** of **20**

51. Defendants deny the allegations in paragraph 51 of the Amended Complaint and demand strict proof thereof.

52. Defendants deny the allegations in paragraph 52 of the Amended Complaint and demand strict proof thereof.

53. Defendants deny the allegations in paragraph 53 of the Amended Complaint and demand strict proof thereof.

54. Defendants deny the allegations in paragraph 54 of the Amended Complaint and demand strict proof thereof.

55. Defendants deny the allegations in paragraph 55 of the Amended Complaint and demand strict proof thereof.

56. Defendants deny the allegations in paragraph 56 of the Amended Complaint and demand strict proof thereof.

57. Defendants deny the allegations in paragraph 57 of the Amended Complaint and demand strict proof thereof.

58. Defendants deny the allegations in paragraph 58 of the Amended Complaint and demand strict proof thereof.

59. Defendants deny the allegations in paragraph 59 of the Amended Complaint and demand strict proof thereof.

Chad Marzen v. Board of Trustees, Florida State University
USDC Northern District Florida
Case No.: 4:20-cv-00220-WS-MAF
Defendants' Answer and Affirmative Defenses

Page **10** of **20**

60. Defendants deny the allegations in paragraph 60 of the Amended Complaint and demand strict proof thereof.

61. Defendants deny the allegations in paragraph 61 of the Amended Complaint and demand strict proof thereof.

62. Defendants deny the allegations in paragraph 62 of the Amended Complaint and demand strict proof thereof.

63. Defendants deny the allegations in paragraph 63 of the Amended Complaint and demand strict proof thereof.

64. Defendants deny the allegations in paragraph 64 of the Amended Complaint and demand strict proof thereof.

65. Defendants deny the allegations in paragraph 65 of the Amended Complaint and demand strict proof thereof.

66. Defendants deny the allegations in paragraph 66 of the Amended Complaint and demand strict proof thereof.

66a. To the extent that unnumbered boldfaced headings assert facts, conclusions or claims against these defendants, the statements made therein are denied and the defendants demand strict proof thereof.

Case 4:20-cv-00220-WS-MAF    Document 5    Filed 05/15/20    Page 11 of 20

Chad Marzen v. Board of Trustees, Florida State University
USDC Northern District Florida
Case No.: 4:20-cv-00220-WS-MAF
Defendants' Answer and Affirmative Defenses

Page **11** of **20**

67. Defendants deny the allegations in paragraph 67 of the Amended Complaint and demand strict proof thereof.

68. Defendants deny the allegations in paragraph 68 of the Amended Complaint and demand strict proof thereof.

69. Defendants deny the allegations in paragraph 69 of the Amended Complaint and demand strict proof thereof.

70. Defendants deny the allegations in paragraph 70 of the Amended Complaint and demand strict proof thereof.

71. Defendants deny the allegations in paragraph 71 of the Amended Complaint and demand strict proof thereof.

72. Defendants deny the allegations in paragraph 72 of the Amended Complaint and demand strict proof thereof.

73. Defendants deny the allegations in paragraph 73 of the Amended Complaint and demand strict proof thereof.

74. Defendants deny the allegations in paragraph 74 of the Amended Complaint and demand strict proof thereof.

75. Defendants deny the allegations in paragraph 75 of the Amended Complaint and demand strict proof thereof.

Case 4:20-cv-00220-WS-MAF   Document 5   Filed 05/15/20   Page 12 of 20

Chad Marzen v. Board of Trustees, Florida State University
USDC Northern District Florida
Case No.: 4:20-cv-00220-WS-MAF
Defendants' Answer and Affirmative Defenses

Page **12** of **20**

76. Defendants deny the allegations in paragraph 76 of the Amended Complaint and demand strict proof thereof.

## COUNT I
## PUBLIC EMPLOYEE WHISTLE-BLOWER RETALIATION

77. Defendants' responses to paragraphs 1 through 76 are re-alleged and incorporated herein by reference.

78. Defendants deny the allegations in paragraph 78 of the Amended Complaint and demand strict proof thereof.

79. Defendants admit that Plaintiff was a public employee but deny the balance of the allegations in paragraph 79 of the Amended Complaint and demand strict proof thereof.

80. Defendants deny the allegations in paragraph 80 of the Amended Complaint and demand strict proof thereof.

81. Defendants deny the allegations in paragraph 81 of the Amended Complaint and demand strict proof thereof.

82. Defendants deny the allegations in paragraph 82 of the Amended Complaint and demand strict proof thereof.

83. Defendants deny the allegations in paragraph 83 of the Amended Complaint and demand strict proof thereof.

Chad Marzen v. Board of Trustees, Florida State University
USDC Northern District Florida
Case No.: 4:20-cv-00220-WS-MAF
Defendants' Answer and Affirmative Defenses

Page **13** of **20**

84. Defendants deny the allegations in paragraph 84 of the Amended Complaint and demand strict proof thereof.

### COUNT II
### NATIONAL ORIGIN DISCRIMINATION

85. Defendants' responses to paragraphs 1 through 76 are re-alleged and incorporated herein by reference.

86. Defendants deny the allegations in paragraph 86 of the Amended Complaint and demand strict proof thereof.

87. Defendants deny the allegations in paragraph 87 of the Amended Complaint and demand strict proof thereof.

88. Defendants deny the allegations in paragraph 88 of the Amended Complaint and demand strict proof thereof.

89. Defendants deny the allegations in paragraph 89 of the Amended Complaint and demand strict proof thereof.

90. Defendants deny the allegations in paragraph 90 of the Amended Complaint and demand strict proof thereof.

91. Defendants deny the allegations in paragraph 91 of the Amended Complaint and demand strict proof thereof.

Case 4:20-cv-00220-WS-MAF    Document 5    Filed 05/15/20    Page 14 of 20

Chad Marzen v. Board of Trustees, Florida State University
USDC Northern District Florida
Case No.: 4:20-cv-00220-WS-MAF
Defendants' Answer and Affirmative Defenses

Page **14** of **20**

92. Defendants deny the allegations in paragraph 92 of the Amended Complaint and demand strict proof thereof.

To the extent that the paragraph beginning with "Wherefore" requires a response, Defendants deny that the plaintiff is entitled to any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

1. President Thrasher is sued in his official capacity and therefore any claims against him are claims against the University.

2. President Thrasher is entitled to qualified immunity from suit.

3. Plaintiff has failed to satisfy conditions prerequisite to this action in that he has failed to secure or request to date a "Right to Sue" letter from the Equal Employment Opportunity Commission.

4. Plaintiff failed to comply with conditions prerequisite to this action as provided in Florida Statute 768.28(6)(a).

5. Plaintiff fails to state a claim upon which relief can be granted with respect to Public Whistleblower Retaliation under Florida Statute 112.3187 in that Plaintiff failed to satisfy the administrative prerequisite to this action.

6. Plaintiff fails to state a claim upon which relief can be granted with respect to Public Whistleblower Retaliation under Florida Statute 112.3187 in that

Chad Marzen v. Board of Trustees, Florida State University
USDC Northern District Florida
Case No.: 4:20-cv-00220-WS-MAF
Defendants' Answer and Affirmative Defenses

Page **15** of **20**

Plaintiff failed to satisfy the requirements to be a "Whistle-blower" within the meaning of said statute.

7. Plaintiff fails to state a claim upon which relief can be granted with respect to Public Whistleblower Retaliation under Florida Statute 112.3187 in that Plaintiff failed to comply with Florida Statute 112.31985.

8. All or some of Plaintiff's claims and allegations are untimely.

9. Plaintiff failed to adhere to University procedures for grievances and complaints and therefore the University and President Thrasher were not put on notice of his alleged treatment.

10. Plaintiff's claims for any alleged adverse employment actions in retaliation for his alleged whistle blowing activity that occurred prior to February 4, 2017 are barred according to the terms of Florida Statute 112.31985.

11. Plaintiff fails to state a claim upon which relief can be granted with respect to Public Whistleblower Retaliation under Florida Statute 112.3187 in that Plaintiff suffered no adverse employment action actionable under the statute cited as the basis for this action.

12. Plaintiff fails to state a claim upon which relief can be granted for retaliation in that the comments, behavior, duty assignments and other events alleged do

Case 4:20-cv-00220-WS-MAF   Document 5   Filed 05/15/20   Page 16 of 20

Chad Marzen v. Board of Trustees, Florida State University
USDC Northern District Florida
Case No.: 4:20-cv-00220-WS-MAF
Defendants' Answer and Affirmative Defenses

Page **16** of 20

not rise to the level of an adverse employment action by any objective standard.

13. President Thrasher is sued in his official capacity and is therefore immune from suit under the Eleventh Amendment to the Constitution.

14. President Thrasher is immune from suit in his supervisory capacity inasmuch as there can be no liability under a theory of respondeat superior in an action brought under 42 U.S.C. §1983.

15. President Thrasher is immune from suit under the provisions of Florida Statute 768.28(9)(a).

16. This court is without jurisdiction in that Plaintiff failed to timely file the administrative prerequisite for all of the alleged adverse employment actions alleged.

17. Plaintiff's claims are barred, in whole or in part, based on the equitable doctrines of estoppel, waiver and/or unclean hands, based upon Plaintiff's course of conduct during his employment.

18. Any actions taken with respect to Plaintiff's employment were taken for legitimate, non-discriminatory and non-retaliatory reasons, and were intended to further legitimate business purposes and/or legitimate employment goals.

Case 4:20-cv-00220-WS-MAF   Document 5   Filed 05/15/20   Page 17 of 20

Chad Marzen v. Board of Trustees, Florida State University
USDC Northern District Florida
Case No.: 4:20-cv-00220-WS-MAF
Defendants' Answer and Affirmative Defenses

Page **17** of **20**

19. All employment actions taken regarding the Plaintiff were reasonable and undertaken based on a good faith belief that the actions were in compliance with the law.

20. Plaintiff had and continues to have a duty to mitigate his alleged losses (his entitlement to which is denied). Alternatively, any claims for relief must also be set off and reduced by wages, compensation, paid commissions, benefits or other earnings or remunerations, profits and benefits regardless of form received by the Plaintiff, which were earned or received with reasonable diligence.

21. There is no causal connection between the Plaintiff's alleged protected status and any alleged adverse employment action(s).

22. At all times Plaintiff's working conditions, reviews, and his experiences of duty assignments were determined in accordance with the University's policy and procedure and in were not based on discriminatory or retaliatory motives but rather reflect a legitimate business purpose.

23. There were legitimate non-discriminatory and non-retaliatory reasons for Defendants' actions which are not pre-textual and the University has neither taken nor ratified any action with discriminatory or retaliatory purpose or intent, but acted in good faith at all times material to Plaintiff's employment.

Case 4:20-cv-00220-WS-MAF   Document 5   Filed 05/15/20   Page 18 of 20

Chad Marzen v. Board of Trustees, Florida State University
USDC Northern District Florida
Case No.: 4:20-cv-00220-WS-MAF
Defendants' Answer and Affirmative Defenses

Page **18** of **20**

24. University employees including the Plaintiff are governed by and must act in accordance with published rules and policies of the University.

25. Any alleged adverse action (the actual existence of which is denied) was predicated upon grounds other than, and would have been taken absent, the plaintiff's exercise of rights allegedly protected by s. 112.3187 F.S.

26. The University is a constitutionally created public body corporate and instrumentality of the State of Florida and as such is entitled to the protections of Section 768.28, Florida Statutes, made effective by Board of Governor's Regulation 1.001(2)(g), as applicable to all counts of this Complaint.

27. There can be no judgment entered on Plaintiff's behalf and against the University for any attorneys' fees excluding 25% of any such judgment pursuant to Section 768.28(8) Florida Statutes, made applicable hereto by Section 760.11(5), Florida Statutes.

28. At all times material hereto the Defendants acted in good faith with due regard to Plaintiff's rights as protected under state and federal law and to the extent that Plaintiff alleges to have been affected by any decision, action, or policy enacted by the University and/or President Thrasher, such decisions, policies, or actions were enacted in furtherance of a legitimate business purpose and without any discriminatory intent.

Chad Marzen v. Board of Trustees, Florida State University
USDC Northern District Florida
Case No.: 4:20-cv-00220-WS-MAF
Defendants' Answer and Affirmative Defenses

Page **19** of **20**

29. President Thrasher and the University reserve the right to rely upon such other and further affirmative defenses as may be supported by facts to be determined through further discovery in this proceeding.

30. President Thrasher and the University reserve the right to amend the pleadings to assert additional defenses that may become apparent during the course of this lawsuit.

## PRAYER FOR RELIEF

President Thrasher and the University join in the request that this Court take jurisdiction over this case, but deny that the Plaintiff is entitled to any of the remaining relief sought in this action.

## DEMAND FOR TRIAL BY JURY

President Thrasher and the University hereby demand a trial by jury on all issues set forth herein which are so triable.

Case 4:20-cv-00220-WS-MAF   Document 5   Filed 05/15/20   Page 20 of 20

Chad Marzen v. Board of Trustees, Florida State University
USDC Northern District Florida
Case No.: 4:20-cv-00220-WS-MAF
Defendants' Answer and Affirmative Defenses

Page **20** of 20

**DENNIS, JACKSON, MARTIN, & FONTELA**

*Maria A. Santoro*

**MARIA A. SANTORO**
FBN 0654809
1591 Summit Lake Drive, Suite 200
Tallahassee, FL 32317
Telephone: (850) 422-3345
Facsimile: (850) 422-1325
Primary Email:   maria@djmf-law.com
Secondary Email:   teresa@djmf-law.com
   mas.assist@djmf-law.com

*Attorneys for Defendants John Thrasher, President of Florida State University and Florida State University Board of Trustees*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the CM/ECF system which provides copies via electronic mail on this 15th day of May 2020 to:

Marie Mattox, Esquire
MARIE MATTOX, P.A.
203 N. Gadsden Street
Tallahassee, FL 32301
Tel: (850) 383-4800
Fax: (850) 383-4801
Primary Email:marie@mattoxlaw.com
Secondary:   marlene@mattoxlaw.com
   michelle2@mattoxlaw.com

*Maria A. Santoro*
**MARIA A. SANTORO**