UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHAD G. MARZEN,

    Plaintiff,

v.                             Case No.: 4:20-cv-00220-WS-MAF

JOHN THRASHER, in his official
Capacity as the President of
Florida State University,
FLORIDA STATE UNIVERSITY
BOARD OF TRUSTEES,

    Defendant.
_____/

**DEFENDANTS' MOTION TO DISMISS
COUNT III OF THE AMENDED COMPLAINT**

Defendant John Thrasher, in his official capacity as President of Florida State University (hereinafter referred to as "Defendant" or "President Thrasher") and the Florida State University Board of Trustees, by and through their undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move to dismiss Count III of the Amended Complaint in that it fails to state a claim upon which relief can be granted. Accordingly, said defendants state as grounds therefore:

Plaintiff brings Count III under 42 U.S.C. §1983. [Complaint ¶1]. Plaintiff sues President Thrasher "in his official capacity." [Complaint ¶5]. Defendants will

Chad Marzen v. Board of Trustees, Florida State University
USDC Northern District Florida
Case No.: 4:20-cv-00220-WS-MAF
Defendants' Motion to Dismiss Count III

Page **2** of **8**

show that the allegations against President Thrasher in his official capacity are claims against the University, and the University is immune from suit under the Eleventh Amendment to the Constitution. Further, President Thrasher individually is entitled to qualified immunity, and immunity under Florida Statute 768.28(9)(a).

## MEMORANDUM OF LAW

Count III is directed to President Thrasher, but because he is sued in his official capacity, Count III is another count against the University.

> Official capacity suits . . ."generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 1978). As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Brandon, supra,* 469 U.S., at 471–472, 105 S.Ct., at 878. It is *not* a suit against the official personally, for the real party in interest is the entity.

*Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).

"Suits against state officials in their official capacity … should be treated as suits against the State. [*Kentucky v. Graham*], 473 U.S., at 166, 105 S.Ct., at 3105." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). The "immunities available to the defendant in an official-capacity action are those that the governmental entity possesses." Hafer v. Melo, 502 U.S. 21, 25 (1991).

Case 4:20-cv-00220-WS-MAF   Document 6   Filed 05/15/20   Page 3 of 8

Chad Marzen v. Board of Trustees, Florida State University
USDC Northern District Florida
Case No.: 4:20-cv-00220-WS-MAF
Defendants' Motion to Dismiss Count III

Page **3** of **8**

The University as an agency of the State of Florida is entitled to Eleventh Amendment immunity in respect to a §1983 claim. *Id.* 'The Eleventh Amendment bars such [§1983] suits, 'unless the immunity is waived or overridden. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). 'Congress has not abrogated states' immunity from §1983 suits,' nor has the Board waived its Eleventh Amendment immunity. *Williams*, 477 F.3d at 1301–02." *Nicholl v. Bd. of Regents of Univ. Sys. of Georgia*, 706 Fed. Appx. 493, 497 (11th Cir. 2017). "[A] state's Eleventh Amendment immunity is 'an entitlement not to stand trial or face the other burdens of litigation.' *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411*." Bouchard Transp. Co. v. Florida Dept. of Envtl. Prot.*, 91 F.3d 1445, 1448 (11th Cir. 1996). "It is well established in both federal and state courts that a state and its agencies are immune from suit arising under 42 U.S.C. §1983. *See Spooner v. Dep't of Corr.*, 514 So.2d 1077, 1078 (Fla.1987); *Hill [v. Department of Corrections]*, 513 So.2d [129] at 132 [(Fla. 1987)].

Although this state has waived its sovereign immunity for state tort actions, that waiver does not extend to civil rights actions. See § 768.28, Fla. Stat. (2000);

Chad Marzen v. Board of Trustees, Florida State University
USDC Northern District Florida
Case No.: 4:20-cv-00220-WS-MAF
Defendants' Motion to Dismiss Count III

Page **4** of **8**

*Spooner*, 514 So.2d at 1078; *Hill*, 513 So.2d at 132." *Bd. of Regents of State v. Snyder,* 826 So. 2d 382, 387 (Fla. 2d DCA 2002).

"Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, 'the entity's "policy or custom" must have played a part in the violation of federal law.' *Graham*, supra, at 166, 105 S.Ct., at 3105 (quoting *Monell*, supra, 436 U.S., at 694, 98 S.Ct., at 2037)." *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  Plaintiff here has made no such allegation and therefore Count III fails to state a cause of action against Dr. Thrasher individually and he must be dismissed from this action.

There are further reasons to dismiss President Thrasher from this action.  He is alleged to be responsible via "agents, employees and delegees." [Complaint ¶¶95, 97, 98].  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  "[I]ndividual liability cannot attach through vicarious liability, such as respondeat superior.  Liability requires a showing that the supervisor themselves acted with 'deliberate indifference.' " *See* *1176 *Williams v. Smith*, 781 F.2d 319, 323–24 (2d Cir.1986)." *Davis v. Bay County Jail*, 155 So. 3d 1173, 1175–76 (Fla. 1st DCA 2014).

Chad Marzen v. Board of Trustees, Florida State University
USDC Northern District Florida
Case No.: 4:20-cv-00220-WS-MAF
Defendants' Motion to Dismiss Count III

Page **5** of **8**

President Thrasher individually is also entitled to qualified immunity as a governmental official performing discretionary functions.

The Federal Eleventh Circuit has recently summarized the law of qualified immunity as follows:

> I. Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no "clearly established statutory or constitutional rights of which a reasonable person would have known." The qualified immunity doctrine means that government agents are not always required to err on the side of caution.
>
> II. That qualified immunity protects government actors is the usual rule; only in exceptional cases will government actors have no shield against claims made against them in their *individual capacities.*  Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit.  Because qualified immunity shields government actors in all but exceptional cases, courts should think long and hard before stripping defendants of immunity.
>
> III. For the law to be clearly established to the point that qualified immunity does not apply, the law must have earlier been developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that "what he is doing" violates federal law.  Qualified immunity is a doctrine that focuses on the actual, on the specific, on the details of concrete cases. The most common error we encounter, as a reviewing court, occurs on this point: courts must not permit plaintiffs to discharge their burden [3] by referring to general rules and to the violation of abstract "rights."

Chad Marzen v. Board of Trustees, Florida State University
USDC Northern District Florida
Case No.: 4:20-cv-00220-WS-MAF
Defendants' Motion to Dismiss Count III

Page **6** of **8**

Once the qualified immunity defense is raised, plaintiffs bear the burden of showing that the federal "rights" allegedly violated were "clearly established."

"General propositions have little to do with the concept of qualified immunity." "If case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant."[4]
. . .

For qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law *in the circumstances*.

IV. Because qualified immunity is a doctrine of practical application to real-life situations, courts judge the acts of defendant government officials against the law and facts at the time defendants acted, not by hindsight, based on later events.

V. The subjective intent of government actor defendants plays no part in qualified immunity analysis. Objective legal reasonableness is the touchstone.

VI. A decision on qualified immunity is separate and distinct from the merits of the case ... Immunity contemplates exemption from liability that would otherwise exist on the merits. *Lassiter v. Alabama A & M University,* 28 F.3d 1146, 1149–51 (11th Cir.1994) (en banc) (citations and related parentheticals omitted; footnote 2 omitted; emphasis in original); *accord Goetz v. Noble,* 652 So.2d 1203 (Fla. 4th DCA 1995). Whether the law was clearly established at the time the claim arose is a legal issue for the court. *Elder v. Holloway,* 510 U.S. 510, ––––, 114 S.Ct. 1019, 1023, 127 L.Ed.2d 344 (1994).

*City of Hialeah v. Fernandez*, 661 So. 2d 335, 339–40 (Fla. 3d DCA 1995).

Chad Marzen v. Board of Trustees, Florida State University
USDC Northern District Florida
Case No.: 4:20-cv-00220-WS-MAF
Defendants' Motion to Dismiss Count III

Page **7** of **8**

As an employee of an agency of the State of Florida, President Thrasher is immune from suit pursuant to Florida Statute 768.28(9)(a) which provides:

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Plaintiff does not allege that President Thrasher "acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Accordingly, the claims against President Thrasher must be dismissed.

For all of the above stated reasons, Count III of the Amended Complaint must be dismissed, and President Thrasher must therefore be dismissed from this action.

### Certificate of Word Count

I hereby certify pursuant to N.D. Fla. Loc. R. 7.1(F) that according to the count provided in MS WORD, this document contains 1718 words.

Chad Marzen v. Board of Trustees, Florida State University
USDC Northern District Florida
Case No.: 4:20-cv-00220-WS-MAF
Defendants' Motion to Dismiss Count III

Page **8** of **8**

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the CM/ECF system which provides copies via electronic mail on this 15th day of May 2020 to:

Marie Mattox, Esquire
MARIE MATTOX, P.A.
203 N. Gadsden Street
Tallahassee, FL 32301
Tel: (850) 383-4800
Fax: (850) 383-4801
Primary Email:     marie@mattoxlaw.com
Secondary Email:  marlene@mattoxlaw.com
michelle2@mattoxlaw.com

        DENNIS, JACKSON, MARTIN & FONTELA, P.A.

        */s/ Maria A. Santoro*
        Maria A. Santoro
        Florida Bar No: 0654809
        1591 Summit Lake Drive, Suite 200
        Tallahassee, Florida 32317
        (850) 422-3345 - Telephone
        (850) 422-1325 - Facsimile
        Primary Email:     Maria@djmf-law.com
        Secondary Email:  Teresa@djmf-law.com
                          MAS.assist@djmf-law.com