UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHAD G. MARZEN,   CASE No.: 4:20-cv-00220-WS-MAF

    Plaintiff,

v.

JOHN THRASHER, in his official
Capacity as the President of
Florida State University,
FLORIDA STATE UNIVERSITY
BOARD OF TRUSTEES,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT THRASHER'S MOTION TO DISMISS COUNT III AND MEMORANDUM OF LAW**

Defendant John Thrasher moves to dismiss Count III of Plaintiff's Amended Complaint in which Plaintiff alleges national origin discrimination against Defendant Thrasher in his official capacity as President of Florida State University. The Motion should be denied in its entirety.

**I.**    **Standard for Motion to Dismiss**

A motion to dismiss is properly granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80

1

(1957); Harsco v. Segui, 91 F.3d 337, 341 (2d Cir. 1996); Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir.1996).  A complaint should not be dismissed "simply because a plaintiff is unlikely to succeed on the merits." Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974).

As this court is aware, in its 2007 decision in Bell Atlantic v. Twombly, 550 U.S. 544 (2007), the Supreme Court interpreted Rule 8(a)(2) as requiring only that a complaint "nudge[ ] their claims across the line from conceivable to plausible." Id. at 570.  And consistently with Twombly, courts within the Eleventh Circuit have held that plaintiffs need not set out facts supporting each and every element of each count pled. In its 2010 decision in Welch v. Theodorides, 677 F.Supp.2d 1283 (N.D.Fla. 2010), relying on Twombly, Swierkiewicz v. Sorema, 534 U.S. 506 (2002), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), this Court addressed the Rule 8 pleading requirement devolving upon plaintiffs, as follows:

> A complaint thus "does not need detailed factual allegations"... Nor must a complaint allege with precision all of the elements of a cause of action...
>
> ∗∗∗
>
> The first amended complaint alleges that the defendants disclosed the information for no permissible purpose and that the information wound up on the internet. If that is true, the plaintiff will be entitled to recover.

Welch, 677 F.Supp.2d at 1285, 1287, emphasis added.

2

## II. Count III is not Barred by Eleventh Amendment Immunity

Defendant Thrasher argues first on page 3 that the University as "an agency of the State of Florida is entitled to Eleventh Amendment immunity in respect to a §1983 claim." Plaintiff could not agree more. It was for that very reason that John Thrasher was named as the Defendant in Count III, rather than the University. Unless a state has waived its Eleventh Amendment immunity or Congress has overridden it, a state cannot be sued directly in its own name, regardless of the relief sought; thus, implementation of state policy or custom may be reached in federal court only because official-capacity actions for prospective relief are not treated as actions against the state. Kentucky v. Graham, 105 S.Ct. 3099, 3105-06 (1985).

In Count III, Plaintiff sued John Thrasher in his official capacity and the relief sought is only for prospective injunctive relief, not damages. [See Doc 1-1, ¶ 102]. Defendant's Motion to Dismiss on this ground should be denied.

## III. Plaintiff has Met His Pleading Requirements in Count III

Defendant is sued in his official capacity although in his Motion to Dismiss, Defendant confuses individual and official capacity claims and case law. Personal-capacity suits, which are not brought here, seek to impose personal liability upon a government official for actions he takes under color of state law. See, e.g., Scheuer v. Rhodes, 416 U.S. 232, 237–238, 94 S.Ct. 1683, 1686–1687, 40 L.Ed.2d 90

3

(1974). Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n. 55, 98 S. Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 1978).

Defendant is liable under §1983 under the official capacity claim if Plaintiff establishes that his constitutional deprivations were the result of: (1) Defendant's final policymakers acted with deliberate indifference to a constitutional deprivation, or (2) Defendant's policies or customs or (3) Defendant's final policymakers delegated authority to a subordinate who, in turn, caused a constitutional deprivation, or (4) Defendant's final policymakers ratified a constitutionally impermissible decision or recommendation of a subordinate employee.  See Sherrod v. Palm Beach County School District, 424 F.Supp.2d 1341, 1344 (S.D. Fla. 2006). Plaintiff meets the pleading requirements of (1), (3) and (4).

In support of (1), Plaintiff alleged that Defendant, as President of the University, either made the decisions or controlled the action and inactions of the persons making decisions affecting Plaintiff or he knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. [Doc 1-1, ¶ 97].  In support of (3), Plaintiff alleged that Thrasher's delegatees, identified in the

Amended Complaint <u>were final policymakers on behalf of Thrasher</u> and their actions resulted in the constitutional violations alleged herein. [Doc 1-1, ¶ 97]. In support of (3), he pled that the actions of agents of Defendant, <u>which were each condoned and ratified by Defendant</u>, were in violation of the laws set forth herein. [Doc 1-1, ¶ 98]. In further support of meeting his pleading obligations, Plaintiff alleged that "other officials" were cloaked with final policymaking authority. [Doc 1-1, ¶ 97, 98].

The question for this Court, perhaps on a Motion for Summary Judgment, will be who is and isn't a final policymaker. In assessing whether a governmental decision maker is a final policy maker, the courts look to whether there is an actual "opportunity" for "meaningful" review. <u>See</u> <u>Oladeinde v. City of Birmingham</u>, 230 F.3d 1275, 1295 (11th Cir.2000)(emphasizing that there must be an actual "opportunity" for "meaningful administrative review" before we conclude that a governmental decision maker lacks final policymaking authority); <u>Scala v. City of Winter Park</u>, 116 F. 3d 1396, 1401 (11th Cir. 1997)("Final policymaking authority over a particular subject area does not vest in an official whose decisions in the area are subject to *meaningful* administrative review.")(emphasis added); <u>see also</u> <u>Grech v. Clayton Cty.</u>, 335 F.3d 1326, 1351 (11th Cir.2003)(Barkett, J., concurring)("An official must have discretion in a particular area of law in order to exercise final policymaking authority in that area and may not be subject to

5

*significant* review.")(emphasis added); Bowen v. Watkins, 669 F.2d 979 (5th Cir.1982)("If a higher official has the power to overrule a decision but as a practical matter never does so, the decision maker may represent the effective final authority on the question."). But that is not the issue before the Court now.

The question is whether Plaintiff has properly pled an official capacity claim against Defendant Thrasher and he has. As shown above, Plaintiff is not limited to claiming that there is a policy and custom to establish liability under §1983 as Defendant argues on page 4 of Doc 6. And in contrast to Defendant's argument on page 4 of Doc 6, Plaintiff is not relying on a theory of respondeat superior to establish liability against Defendant Thrasher.

Defendants arguments on page 5 of Doc 6 about qualified immunity are also misplaced because these arguments pertain to individual liability, a claim not brought here.

## IV. <u>Section 768.28(9)(a) Fla. Stat. Does not Apply Here</u>

Defendant relies upon §768.28(9)(a) Fla. Stat. for immunity. However, this statute has no application to litigation against a state actor in his or her official capacity under 42 U.S.C. §1983.

## <u>Conclusion</u>

Plaintiff respectfully requests that Defendant's Motion to Dismiss be denied.

>Respectfully submitted,
>
>/s/ Marie A. Mattox
>Marie A. Mattox [FBN 0739685]
>MARIE A. MATTOX, P. A.
>203 North Gadsden Street
>Tallahassee, FL 32301
>Telephone: (850) 383-4800
>Facsimile: (850) 383-4801
>ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that in accordance with N.D. Fla. Local Rules 7.1(F) and 56.1(E), the foregoing contains 1402 words.

>/s/ Marie A. Mattox
>Marie A. Mattox

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served to all counsel of record by CM/ECF this 29th day of May 2020.

>s/ Marie A. Mattox
>Marie A. Mattox