UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHAD MARZEN,

    Plaintiff,

v.                                          CASE NO. 4:20-cv-00220-WS/MAF

JOHN THRASHER, in his official
Capacity as the President of Florida
State University and the FLORIDA
STATE UNIVERSITY
BOARD OF TRUSTEES,

    Defendants.
_____/

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendants JOHN THRASHER, in his official capacity as the President of Florida State University, and BOARD OF TRUSTEES, FLORIDA STATE UNIVERSITY (hereinafter referred to as "Defendants" or "University"), by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 56 move for summary judgment on the grounds that there is no material issue of fact and they are entitled to judgment as a matter of law. Accordingly, the University states:

    I.  **Introduction**

Plaintiff alleges employment discrimination based on national origin, public employee whistle blower retaliation, and constitutional violations. The statutory

Case 4:20-cv-00220-WS-MAF   Document 11   Filed 06/18/20   Page 2 of 18

Chad Marzen v. Board of Trustees, Florida State University
Case No.:4:20-cv-00220-WS-MAF
Defendant's Motion for Summary Judgment
Page **2** of **18**

grounds are cited as §112.3187 Florida Statutes (Count I), 42 U.S.C. §2000e et seq.,42 U.S.C. §1981a (Count II) and 42 U.S.C. §1983 (Count III).

A separate Motion to Dismiss addressing only Count III has been filed. [ECF 6] and therefore Count III is not addressed in this motion.

## II. Facts

### A. Status of the Case

1. Plaintiff is an employee of the University, and this is an employment discrimination case. [Amended Complaint, ECF 1-1, ¶3].

2. The case was originally filed in the Circuit Court of Leon County Florida, under Case No. 2018CA001311 on June 12, 2018. [Exhibit A].

3. The University was the sole defendant in the Leon County case. *Id.*

4. The Complaint filed in the Leon County Circuit Court claimed state causes of action for employment discrimination (Chapter 760, FLA. STAT.) and public employee whistle blower retaliation (Chapter 112, FLA. STAT.). [Exhibit A].

5. The University filed a Motion for Summary Judgment in the Leon County Case. [Exhibits G, H].

6. Plaintiff responded to the Motion for Summary Judgment in the Leon County case, voluntarily dismissing the state cause of action brought under Chapter 760, FLA. STAT. [Exhibit I, p. 8, 2d paragraph].

Case 4:20-cv-00220-WS-MAF   Document 11   Filed 06/18/20   Page 3 of 18

Chad Marzen v. Board of Trustees, Florida State University
Case No.:4:20-cv-00220-WS-MAF
Defendant's Motion for Summary Judgment
Page **3** of **18**

7. The University's Motion for Summary Judgment was not heard. [Exhibit H].

8. Plaintiff filed an Amended Complaint in the Leon County Circuit Court on April 12, 2020. [ECF 1-1].

9. The Amended Complaint raises federal causes of action for the first time in this lawsuit. *Id.*

10. The Defendants removed the case to this court based on the federal causes of action. [ECF 1].

11. The Amended Complaint contains three counts alleging violations of §112.3187 Florida Statutes (Count I), 42 U.S.C. §2000e et seq.,42 U.S.C. §1981a (Count II) and 42 U.S.C. §1983 (Count III). [Amended Complaint, ECF 1-1, ¶¶1, 78, 86, 94].

12. Count III of the Amended Complaint alleges 42 U.S.C. §1983 violations against President John Thrasher in his official capacity as President of the University and is the subject of a separate Motion to Dismiss filed May 15, 2020. [ECF 6].

**B. Administrative Prerequisites**

13. Plaintiff filed two administrative charges:

Chad Marzen v. Board of Trustees, Florida State University
Case No.:4:20-cv-00220-WS-MAF
Defendant's Motion for Summary Judgment
Page **4** of **18**

    a. A whistleblower charge with the Florida Commission on Human Relations ("FCHR"), identified as FCHR charge no. 201700936 ("WB Charge"), [Exhibit B] and

    b. A charge of national origin discrimination with the Florida Commission on Human Relations ("FCHR"), identified as FCHR charge no. 201700933 ("National Origin Charge"), also identified as Equal Employment Opportunity Commission ("EEOC") charge no. 511-2017-1514. [Exhibit D]

14. The FCHR issued a Termination of Investigation on March 9, 2018 as to the WB Charge, FCHR charge no. 201700936. [Exhibit C].

15. The WB Charge Termination of Investigation indicated that questions the investigator asked of the complainant/plaintiff went unanswered by Plaintiff. *Id*.

16. The WB Charge "Termination of Investigation" states that the "Investigative Memorandum also indicates that the Commission's Investigation Specialist did not receive a response from Complainant to her written interview questions during the investigation, questions that provided Complainant an opportunity to support his claim." *Id.*

Case 4:20-cv-00220-WS-MAF   Document 11   Filed 06/18/20   Page 5 of 18

Chad Marzen v. Board of Trustees, Florida State University
Case No.:4:20-cv-00220-WS-MAF
Defendant's Motion for Summary Judgment
Page **5** of **18**

17. The National Origin Charge, FCHR charge no. 201700993 was submitted to the administrative agency on April 5, 2017. [Exhibit D].

18. As to the National Origin Charge, FCHR issued a Determination of No Reasonable Cause in response to FCHR charge no. 201700993 on October 2, 2017. The Florida Commission on Human Relations determined that "no reasonable cause exists to believe that an unlawful practice occurred." [Exhibit E].

19. As to the National Origin Charge, FCHR issued its decision within 180 days of the filing of FCHR charge no. 201700993. *Id.*

20. A Notice of Rights (Right to Sue Letter) as to the National Origin Charge was issued by the EEOC adopting the findings of the FCHR on May 9, 2018. [Exhibit F].

21. The Amended Complaint was filed April 12, 2020, which is more than 703 days after the EEOC issued its Right to Sue Letter on May 8, 2018.

### III. Summary of Argument

The Amended Complaint contains three (3) counts brought under statutes which require administrative proceedings as a prerequisite to further action. Count III is the subject of a separate Motion to Dismiss. [ECF 6].

Chad Marzen v. Board of Trustees, Florida State University
Case No.:4:20-cv-00220-WS-MAF
Defendant's Motion for Summary Judgment
Page **6** of **18**

Count I alleges "Public Employee Whistle-Blower Retaliation." Plaintiff failed to engage with the investigator and answer questions in the administrative proceeding. Case law is clear that Plaintiff's failure to engage in the administrative process amounts to failure to exhaust administrative remedies and entitles the University to summary judgment.

Count II alleges "National Origin Discrimination." Plaintiff's remedy upon a finding by the FCHR that there was no reasonable cause to find discrimination was to file an administrative appeal under Florida Statute 760.11(7) or a federal cause of action. Plaintiff failed to file an administrative appeal and brought an action in the Circuit Court of Leon County, Florida alleging violation of Chapter 760 instead. Plaintiff's claim of national origin discrimination under Florida Statute 760 was therefore barred.

The EEOC adopted the findings of the FCHR and issued a "Right to Sue" letter May 8, 2018 advising Plaintiff that he had 90 days to file a lawsuit under federal law based on his charge. The plaintiff filed his federal cause of action 703 days later, far outside the 90-days and therefore the causes of action under 42 U.S.C. §2000e et seq., and 42 U.S.C. §1981a are time barred.

The University is therefore entitled to summary judgment as to Count II.

Chad Marzen v. Board of Trustees, Florida State University
Case No.:4:20-cv-00220-WS-MAF
Defendant's Motion for Summary Judgment
Page **7** of **18**

Count III is the subject of a separately filed Motion to Dismiss and will not be addressed again in this motion.

## IV. Argument

### A. The Summary Judgment Standard

Summary judgment is appropriate if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). This burden is a minimal one, and it does not require a moving party to support its motion with affidavits or other materials negating the non-moving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. at 323. Rather, the burden on the moving party is discharged by "showing," or otherwise pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Id*.

Once the initial burden is met by the moving party, the burden shifts to the non-moving party to go beyond the pleadings and come forward with evidence establishing a genuine issue of material fact. *Id*. at 324. Specifically, the non-moving party has the burden to come forward with evidence on each essential element of the claim sufficient to sustain a jury verdict. *Id*. at 322-323; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A mere scintilla of evidence in

Case 4:20-cv-00220-WS-MAF   Document 11   Filed 06/18/20   Page 8 of 18

Chad Marzen v. Board of Trustees, Florida State University
Case No.:4:20-cv-00220-WS-MAF
Defendant's Motion for Summary Judgment
Page **8** of **18**

support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Speculation does not create a genuine issue of material fact," and further, "bare and self-serving allegations when the plaintiff has no personal knowledge are inadequate to carry the plaintiff's burden on summary judgment." *Ates-Jackson v. Verizon Wireless*, (VAW) LLC, 2013 WL 336510 *1 (11th Cir. 2013) (citations omitted).

The Eleventh Circuit has readily and consistently affirmed summary judgments in employment discrimination cases where the plaintiff fails to produce competent evidence that discrimination played a role in the employer's decision. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1025 (11th Cir. 2000) ("summary judgment is hardly unknown, or for that matter rare, in employment discrimination cases, more than 90 percent of which are resolved before trial . . . many of them on the basis of summary judgment for the defendant," quoting *Wallace v. SMC Pneumatics, Inc.*, 103 F.3d 1394, 1396 (7th Cir. 1997)); *Raney v. Vinson Guard Service, Inc.*, 120 3d 1192, 1197 (11th Cir. 1997) (finding that in order to avoid summary judgment in an employment discrimination case, the plaintiff is "effectively required to put forth her

Case 4:20-cv-00220-WS-MAF   Document 11   Filed 06/18/20   Page 9 of 18

Chad Marzen v. Board of Trustees, Florida State University
Case No.:4:20-cv-00220-WS-MAF
Defendant's Motion for Summary Judgment
Page **9** of **18**

entire case . . . to persuade the court that a reasonable fact finder could rule in plaintiff's favor."); *Earley v. Champion Int'l.*, 907 F.2d 1077, 1081 (11th Cir. 1990) ("Summary judgments for defendants are not rare in employment discrimination cases.").

In *Chapman*, the Eleventh Circuit reiterated its previous admonitions that a plaintiff cannot avoid summary judgment by merely questioning the wisdom of an employer's decision. The court stated, "[w]e are not in the business of adjudging whether employment decisions are prudent or fair." *Chapman v. AI Transport*, 229 F.3d at 1030 (*quoting Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999)). The Eleventh Circuit emphasized the following:

> Federal courts do not sit as a super-personnel department that re-examines an entity's business decisions. No matter how medieval a firm's practices, no matter how high-handed its decisional process, no matter how mistaken the firm's managers, [Title VII] does not interfere. Rather, our inquiry is limited to whether the employer gave an honest explanation for its behavior.

*Id*. at 1030; *See also*, *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1187 (11th Cir. 1984).

While reasonable people may disagree about whether an employer acted correctly or fairly, "such potential disagreement does not, without more, create a basis to disbelieve an employer's explanation that it in fact based its decision" on its asserted nondiscriminatory reasons. *Id*.

Chad Marzen v. Board of Trustees, Florida State University
Case No.:4:20-cv-00220-WS-MAF
Defendant's Motion for Summary Judgment
Page **10** of **18**

> Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Celotex,* 477 U.S. at 324. Thus, the nonmoving party " 'may not rest upon the mere allegations or denials of his pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial.' " *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1984) (stating "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts").

*Irwin v. Miami-Dade County Pub. Sch.*, 06-23029-CIV, 2009 WL 465042, at *2 (S.D. Fla. Feb. 24, 2009), *aff'd,* 398 Fed. Appx. 503 (11th Cir. 2010).

## B. Count I: "PUBLIC EMPLOYEE WHISTLE-BLOWER RETALIATION"

As a threshold matter, Plaintiff's written complaint was filed with the FCHR by his own admission on April 6, 2017. [Amended Complaint ¶50]. Alleged adverse employment actions in retaliation for protected disclosures prior to February 6, 2017 are therefore barred by the statute as they predate the charge by more than 60 days. §112.3195(1)(a) FLA. STAT. Allegations of wrongdoing in paragraphs 16 – 27, and 43 – 49 predate the FCHR charge by more than 60 days and are barred as untimely. The University is entitled to summary judgment as to these allegations.

More significantly, Plaintiff abandoned his administrative remedy and has therefore failed to satisfy a condition precedent to this action. "To maintain a civil

Chad Marzen v. Board of Trustees, Florida State University
Case No.:4:20-cv-00220-WS-MAF
Defendant's Motion for Summary Judgment
Page **11** of **18**

action under the Whistle-blower's Act, a public employee must first exhaust the administrative remedies provided therein." *City of Miami v. Del Rio*, 723 So.2d 299, 300 (Fla. 3d DCA 1998). *Robinson v. Dep't of Health*, 89 So. 3d 1079, 1081 (Fla. 1st DCA 2012). It is incumbent upon the complainant in an administrative proceeding to provide requested information to further the investigation. *Sheely v. MRI Radiology Network, P.A.*, 505 F3rd 1173, 1205 (11th Cir. 2007). Failure to do so is failure to exhaust administrative prerequisites under §760.11 Fla. Stat; *Id.* The employer is entitled to summary judgment where the plaintiff fails to exhaust administrative remedies under Chapter 760; *Sheely* at 1205. Complainants who abandon their administrative remedies under the Whistle Blower Act have failed to exhaust them and are precluded from filing suit since prerequisites have not been met. *Pino v. City of Miami*, 315 F. Supp. 1230, 1251 (S.D. Fla. 2004); *Del Rio, supra*.

Summary judgment is proper when a plaintiff has failed to exhaust administrative prerequisites to its civil action. *Sheely v. MRI Radiology Network, P.A.*, 505 F3rd 1173, 1205 (11th Cir. 2007). "A court may grant summary judgment when 'there is no genuine dispute as to any issue of material fact and the moving party is entitled to judgment as a matter of law.' *Lomack v. Mowrey*, 14 So.3d 1090,

Case 4:20-cv-00220-WS-MAF   Document 11   Filed 06/18/20   Page 12 of 18

Chad Marzen v. Board of Trustees, Florida State University
Case No.:4:20-cv-00220-WS-MAF
Defendant's Motion for Summary Judgment
Page **12** of **18**

1091 (Fla. 1st DCA 2009)." *Robinson v. Dep't of Health*, 89 So. 3d 1079, 1081 (Fla. 1st DCA 2012).

Plaintiff failed to exhaust the administrative prerequisites to this action and therefore the University is entitled to judgment as to Count I as a matter of law.

### C. Count II:  "NATIONAL ORIGIN DISCRIMINATION"

Count II is barred by the statutes under which Plaintiff claims relief.

The FCHR determined there was not reasonable cause to find discrimination against the charging party.  Chapter 760 does not permit the direct filing of a civil action after such a determination. *Id.*  Plaintiff's only remedy after that determination was to request an administrative hearing within 35 days. *Id.*  "If the commission determines that there is not reasonable cause to believe that a violation of the Florida Civil Rights Act of 1992 has occurred, the commission shall dismiss the complaint. The aggrieved person may request an administrative hearing under ss. 120.569 and 120.57, but any such request must be made within 35 days of the date of determination of reasonable cause and any such hearing shall be heard by an administrative law judge and not by the commission or a commissioner.  If the aggrieved person does not request an administrative hearing within the 35 days, the claim will be barred."  § 760.11(7), FLA. STAT. "If FCHR determines that there is not reasonable cause and dismisses the complaint, the employee has only one option:

Chad Marzen v. Board of Trustees, Florida State University
Case No.:4:20-cv-00220-WS-MAF
Defendant's Motion for Summary Judgment
Page **13** of **18**

request an administrative hearing within 35 days." *Dixon v. Sprint-Florida, Inc.*, 787 So. 2d 968, 969 (Fla. 5th DCA 2001), citing §760.11(7) FLA. STAT. "As a general matter, the text of the FCRA is clear: a claimant who receives a no cause determination from the Commission and fails to request an administrative hearing is barred from subsequently pursuing that claim in court. Fla. Stat. § 760.11(7); see also *Sheely*, 505 F.3d at 1205." *Davis v. Bob Evans Farms, LLC*, 649 Fed. Appx. 869, 872 (11th Cir. 2016). "A 'no cause' determination precludes a civil suit under the FCRA. *See, Woodham v. Blue Cross and Blue Shield of Florida, Inc.*, 829 So.2d 891, 895 (Fla. 2002) (noting that 'the FCRA differs from Title VII, its federal counterpart, in that a "no cause" determination precludes a civil suit under the FCRA but not under Title VII.')." *Hawthorne v. Baptist Hosp., Inc.*, 3:08CV154/MCR/MD, 2008 WL 5076991, at *5 (N.D. Fla. Nov. 24, 2008).

Plaintiff voluntarily dismissed the state statute claim in his response to the University's Motion for Summary Judgment. The University did not oppose the filing of an Amended Complaint, and it was filed adding federal causes of action in lieu of the state causes for employment discrimination.

The Amended Complaint alleges the federal causes of action in Count II. These claims are time barred and the University is entitled to summary judgment as a matter of law according to the clear terms of the statutes cited. 42 U.S.C. §2000e-

Chad Marzen v. Board of Trustees, Florida State University
Case No.:4:20-cv-00220-WS-MAF
Defendant's Motion for Summary Judgment
Page **14** of **18**

5(f)(1). The Commission "shall notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge. . ." *Id.*

"[T]he plaintiff must file suit within ninety days of receiving the right-to-sue notice. *See Law v. Hercules, Inc.,* 713 F.2d 691, 692 (11th Cir.1983)." *Norris v. Florida Dept. of Health & Rehab. Services*, 730 F.2d 682, 682 (11th Cir. 1984).

Where the federal claims were filed 93 days after receipt of the Right to Sue Letter, the Middle District of Florida found that the "Title VII claims are therefore untimely and due to be dismissed. *See Green,* 261 F.3d at 1233 (affirming ruling that Title VII complaint filed seven days late was time-barred); *Martinez v. U.S. Sugar Corp.,* 880 F.Supp. 773, 777 (M.D.Fla.1995) (finding Title VII claims barred when filed five days late), *aff'd* 77 F.3d 497 (11th Cir.1996)." *Okereke v. Cmty. Hospice of Ne. FL, Inc.*, 3:15-CV-235-J-32MCR, 2015 WL 5897638, at *2 (M.D. Fla. Oct. 7, 2015).

In a case where the case was filed suit 96 days after receiving the Right to Sue Letter, the court held the case untimely filed according to the statute:

> Claimants are required to file their Title VII and ADEA actions within 90 days of receipt of a Notice of Right to Sue from the EEOC. 42 U.S.C. § 2000e–5(f)(1); *Norris v. Florida Dept. of Health & Rehabilitative *1047 Services,* 730 F.2d 682 (11th Cir.1984). The Plaintiff has the burden to prove that she adhered to this

Case 4:20-cv-00220-WS-MAF   Document 11   Filed 06/18/20   Page 15 of 18

Chad Marzen v. Board of Trustees, Florida State University
Case No.:4:20-cv-00220-WS-MAF
Defendant's Motion for Summary Judgment
Page **15** of **18**

requirement. *Martinez v. U.S. Sugar Corp.,* 880 F.Supp. 773, 777 (M.D.Fla.1995), *aff'd* 77 F.3d 497 (11th Cir.1996).

*Chapman v. Travalco, U.S.A., Inc.*, 973 F. Supp. 1045, 1046–47 (S.D. Fla. 1997).

It can be presumed that the Right to Sue Letter is received three to seven days after its issuance. "'When the date on which a right-to-sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed.' *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 379 (5th Cir.2002)." *Jenkins v. City of San Antonio Fire Dept.*, 784 F.3d 263, 266 (5th Cir. 2015).

That would have been May 15, 2018 at the latest, requiring the plaintiff to file the federal claims no later than August 13, 2018. The Amended Complaint with the federal claims alleged for the first time was filed April 12, 2020.

The federal claims were filed over 700 days from the issuance of the Right to Sue Letter, making the filing of the federal claims untimely and therefore barred. The University is entitled to summary judgment as to Count II since the claims were untimely filed and barred.

## V. Conclusion

Plaintiff failed to cooperate in the administrative prerequisite to his whistle-blower retaliation claim in Count I. The law is clear that this failure entitles the

Chad Marzen v. Board of Trustees, Florida State University
Case No.:4:20-cv-00220-WS-MAF
Defendant's Motion for Summary Judgment
Page **16** of **18**

University to summary judgment because the plaintiff did not exhaust the administrative prerequisite.

Plaintiff received a 'no reasonable cause' determination from the FCHR in response to his charge of employment discrimination, which was adopted by the EEOC on May 8, 2018. As a result, Plaintiff's only remedy was to file an administrative appeal of the FCHR decision within 35 days or a federal cause of action within 90 days of receipt.

The state cause of action for discrimination was clearly barred, and the federal causes of action were filed almost two years after the issuance of the EEOC "Right to Sue" letter. Count II claiming employment discrimination is therefore untimely and barred by the clear terms of the statutes alleged by the plaintiff in his Amended Complaint.

As a result of the foregoing Defendants are entitled to summary judgment as to both Counts I and II.

WHEREFORE, Defendants John Thrasher, in his official capacity as the President of Florida State University, and Board of Trustees, Florida State University, having shown that there is no material issue of fact in respect to this matter and the said Defendants are entitled to judgment as a matter of law, pray that

Case 4:20-cv-00220-WS-MAF   Document 11   Filed 06/18/20   Page 17 of 18

Chad Marzen v. Board of Trustees, Florida State University
Case No.:4:20-cv-00220-WS-MAF
Defendant's Motion for Summary Judgment
Page **17** of **18**

this honorable court will enter judgment in its favor, grant a reasonable attorney's fee for the defense of this action, and grant such other relief as it shall deem proper.

## VI. Certification of Word Count

The undersigned certifies pursuant to Local Rule 7.1(F) that this document contains 3590 words according to the count provided by MS WORD.

DENNIS, JACKSON, MARTIN & FONTELA, P.A.

*/s/ Maria A. Santoro*
Maria A. Santoro
Florida Bar No: 0654809
1591 Summit Lake Drive, Suite 200
Tallahassee, Florida 32317
(850) 422-3345 - Telephone
(850) 422-1325 - Facsimile
Primary Email:     Maria@djmf-law.com
Secondary Email:  Teresa@djmf-law.com
                  MAS.assist@djmf-law.com

Chad Marzen v. Board of Trustees, Florida State University
Case No.:4:20-cv-00220-WS-MAF
Defendant's Motion for Summary Judgment
Page **18** of **18**

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Florida E-Filing Portal which provides copies via electronic mail on this 18th day of June 2020 to:

Marie Mattox, Esquire
MARIE MATTOX, P.A.
310 East Bradford Road
Tel: (850) 383-4800
Fax: (850) 383-4801
Tallahassee, Florida 32303
Primary Email:      marie@mattoxlaw.com
Secondary Email:  marlene@mattoxlaw.com
                              michelle2@mattoxlaw.com

        DENNIS, JACKSON, MARTIN & FONTELA, P.A.

        */s/ Maria A. Santoro*
        Maria A. Santoro