UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHAD MARZEN,

     Plaintiff,

v.                                                                4:20cv220–WS/MAF

JOHN THRASHER, in his
official capacity as the President of
Florida State University, and the FLORIDA
STATE UNIVERSITY BOARD OF
TRUSTEES,

     Defendants.

_____

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

In a three-count amended complaint, Chad Marzen—an associate professor

at Florida State University—sues the Florida State University Board of Trustees

(the "Board") and John Thrasher, the President of Florida State University. Before

the court at this time is the Board's motion (ECF No. 11) for summary judgment as

to Counts I and II of Marzen's amended complaint. In those two counts

respectively, Marzen asserts a federal claim for national origin discrimination

(Count II) and a claim for retaliation under the Florida Public Whistleblower Act,

(Count I). Marzen has responded (ECF No. 15) in opposition to the Board's motion

for summary judgment. The Board has not filed a reply.

Regarding Count II, the Board contends that Marzen's federal national

origin claim is untimely because he did not assert such federal claim until he

amended his complaint on April 20, 2020, approximately two years after the Equal

Employment Opportunity Commission rendered its decision and issued a Notice of

Right to Sue. In his original complaint, timely filed on June 13, 2018, Marzen

asserted a national origin claim under state law. The same set of alleged facts

formed the basis of the national origin claims set forth in both the original and the

amended complaints. The Board was thus given fair notice in Marzen's original

complaint as to the factual underpinnings of the federal claim asserted in Marzen's

amended complaint. Because the federal claim asserted in the amendment "arose

out of the conduct, transaction, or occurrence set out—or attempted to be set

out—in the original pleading," Fed. R. Civ. P. 15(c)(1)(B), the amended claim

relates back to the date the original complaint was filed. The Board's lack-of-

timeliness argument is without merit.

Regarding Count I, the Board contends that Marzen failed to exhaust the

required administrative process and, thereby, failed to satisfy a condition precedent

to his state-law whistleblower-retaliation claim. Specifically, the Board suggests

that Marzen "abandoned" the state administrative process by failing to provide written responses to five (5) interview questions sent to him by the administrative investigator.

Marzen denies that he abandoned the administrative process and has submitted evidence establishing that (1) Marzen provided extensive information to the Florida Commission on Human Relations ("FCHR") through his initial complaint, lengthy addendum to that complaint, and detailed rebuttal to the Board's response, (ECF No. 14–1); (2) Marzen in fact prepared thorough written responses to the investigator's interview questions, which responses were sent by counsel to the investigator through the United States Mail, (ECF No. 14–1, –2); (3) The investigator, while stating in an Investigative Memorandum that Marzen's responses to the interview questions had not been received, acknowledged receipt of an email from Marzen's counsel advising that Marzen's answers had been mailed, (ECF No. 10–3); (4) Neither Marzen nor his counsel had any reason to believe that Marzen's answers had not, in fact, been received by the investigator, (ECF No. 14–1, –2); and (5) The FCHR's Notice of Termination of Investigation, with the attached Investigative Memorandum, set forth a detailed review of Marzen's complaint, the Board's response, and Marzen's rebuttal, concluded that there was no reasonable cause to believe the Board had subjected Marzen to

unlawful whistleblower retaliation, and advised Marzen that he could file an action

in the appropriate circuit court within 180 days, (ECF No. 10–3), which Marzen

did. Given the record evidence, the undersigned concludes that Marzen did not

abandon the administrative process but, instead, adequately exhausted his

administrative remedies before filing suit.

The Board also contends that any allegations of retaliatory action that

predate Marzen's FCHR charge by more than sixty (60) days are barred as

untimely. Marzen disagrees, noting that he has alleged a continuing practice of

retaliation subject to the continuing violation doctrine.[1] The Board has not replied

to Marzen's continuing violation argument. The court declines to reach the

continuing violation issue at this time, concluding that such issue requires further

development/argument in the record.

The Board having failed to show that it is entitled to summary judgment at

this time, it is ORDERED:

The Board's motion (ECF No. 11) is DENIED.

---

[1] The continuing violation doctrine extends the statutory limitations period if
the defendant engages in a *pattern* of unlawful conduct. The Eleventh Circuit has
"limited the application of the continuing violation doctrine to situations in which a
reasonably prudent plaintiff would have been unable to determine that a violation
occurred." *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1335 (11th
Cir. 2006).

DONE AND ORDERED this     13th     day of      August     , 2020.


s/ William Stafford
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE